UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRTUS PHARMACEUTICALS,
LLC,

    Plaintiff,

v().                                                                    CASE NO. 8:21-cv-2427-WFJ-SPF

WOORDFIELD DISTRIBUTION,
LLC, WOODFIELD
PHARMACEUTICAL, LLC, and
ADAM RUNSDORF,

    Defendants.
_____/

**ORDER**

    Before the Court is Defendants' Motion for Leave to Take Ten Additional Depositions (Doc. 84) and Plaintiff's Response (Doc. 86). Defendants request leave to conduct 10 depositions besides the 10 permitted under Rule 30, for a total of 20 depositions. Plaintiff agrees to 16 depositions per side provided there is an 85-hour cap on total deposition time per side.

    Under Rule 30(a)(2)(A), a party must seek leave of court to take over 10 depositions unless the parties agree. The court must grant leave consistent with Rule 26(b)(1) and (2). Rule 26(b)(2)(A) provides: "By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of the depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A). And "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that:

    (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

>  (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>  (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Fed. R. Civ. P. 26(b)(2). Rule 26(b)(1) defines the scope of discoverability:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

The parties agree to 16 depositions per side: the Court grants Defendants' motion to this extent. Plaintiff's request that the Court impose an 85-hour cap on the 16 depositions is denied. *See* Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the Court, a deposition is limited to one day of 7 hours."). Regarding the extra four depositions Plaintiff does not stipulate to, Defendants' motion is premature because they have yet to take the 16 agreed-to depositions or even the 10 allowed under Rule 30. The discovery deadline is May 17, 2023 (Doc. 80). Although Defendants argue "this litigation's complexity and the amount in controversy warrant granting the parties leave to take 10 additional depositions before the Rule 30(a) limits have been exhausted" (Doc. 84 at 10), there is ample time for continued discovery. In addition, before the Court grants Defendants leave to take the additional depositions, they must justify the necessity of the depositions already taken. *F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A.*, Case No. 2:13-cv-208-FtM-38CM, 2014 WL 1047245, at *2 (M.D. Fla. Mar. 17, 2014); *Bituminous Fire & Marine Ins. Corp. v. Dawson Land Dev. Co., Inc.*, No. 3:02-cv-793-J-21TEM, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (a party seeking to exceed the presumptive number of depositions must make a particularized showing

of why the discovery is necessary); *see also Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001) (finding that otherwise a party could circumvent the cap on depositions by exhausting maximum allotted number with depositions she could not justify under Rule 26(b)(2) and then seeking leave to exceed the limit to take depositions she could substantiate).

It is **ORDERED**:

(1) Defendants' Motion for Leave to Take Ten Additional Depositions (Doc. 84) is **GRANTED** to the extent the parties may take 16 depositions per side. The motion is otherwise **DENIED WITHOUT PREJUDICE.**

**ORDERED** in Tampa, Florida on March 13, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE